UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ANGELA BRANDMEYER, <br><br> Plaintiff, <br><br> v. <br><br> MONARCH RECOVERY MANAGEMENT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:20-cv-00733 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** ANGELA BRANDMEYER ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of MONARCH RECOVERY MANAGEMENT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

1

## PARTIES

4. Plaintiff is a natural "person" over the age of eighteen as defined by 47 U.S.C. §153(39), that resides within the Southern District of Illinois.

5. Defendant is a third party debt collector holding itself out as "a premier accounts receivable management company."[1] Defendant is a corporation organized under the laws of the state of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect on a past due personal obligation ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from Plaintiff's purported past due payments in connection with a Synchrony Bank ("Synchrony") account that was used for Plaintiff's personal purposes.

10. Upon information and belief, after the subject debt was purportedly in default, Synchrony charged off the subject debt and assigned the subject debt to Defendant for collection purposes.

11. On or about July 16, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.

---

[1] http://monarchrm.com/about-us/

2

12. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. As such, the Collection Letter was required to inform consumers of the rights outlined in 15 U.S.C. §§ 1692g(a)(1)-(5).

14. Defendant's Collection Letter provides the following information regarding Plaintiff's rights under §§ 1692g(a)(4)-(5): "If you notify this office **verbally or in writing** within 30 days from receipt of this notice that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment and mail it to you. If you request of this office **verbally or in writing** within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (emphasis added).

15. Defendant's Collection Letter thus informed Plaintiff, and similarly informs the unsophisticated or least sophisticated consumer, that they could submit a dispute pursuant to §§ 1692g(a)(4)-(5) either verbally or in writing in order for such disputes to trigger Defendant's obligations to provide verification or further information regarding its collection efforts.

16. However, only written disputes would trigger Defendant's obligations to provide verification under §§ 1692g(a)(4)-(5) and to similarly cease collection efforts pursuant to § 1692g(b). *See* 15 U.S.C. §§ 1692g(a)(4)-(5); 15 U.S.C. § 1692g(b); *Osborn v. Ekpsz, LLC,* 821 F. Supp. 2d 859, 869 (S.D. Tex. Sept. 26, 2011) ("if the consumer disputes the debt orally rather than in writing, the consumer loses the protections afforded by § 1692g(b); the debt collector is under no obligation to cease all collection efforts and obtain verification of the debt. An oral dispute triggers multiple statutory protections, but these protections are not identical to those triggered by a written dispute.").

17. As such, Defendant's Collection Letter falsely, deceptively, and misleadingly represented the nature and extent of Plaintiff's dispute and validation rights pursuant to 15 U.S.C. § 1692g *et seq*.

18. Plaintiff contacted an attorney to get information and guidance on how to go about dealing with Defendant's collection efforts, including how she should go about submitting a dispute to Defendant in connection with the subject debt.

19. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Collection Letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

20. Defendant's representations misled and deceived Plaintiff, and are similarly misleading and deceptive to the unsophisticated or least sophisticated consumer.

21. Confused and concerned about Defendant's collection efforts, Plaintiff lost time and expended resources assessing the nature of Defendant's collection efforts and her options to go about responding to Defendant's conduct.

22. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

23. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failures deprived Plaintiff of substantive information required to be provided to consumers who are the subject of collection efforts – information designed to ensure consumers are aware of the extent and nature of their rights under the law. Defendant's conduct similarly misled and deceived Plaintiff in a material manner and posed a risk of harm that Plaintiff and unsophisticated consumers would respond to

Defendant's collection efforts in a manner detrimental to their interests given the deceptive and misleading nature of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and alleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to accurately provide Plaintiff with the nature of her dispute and validation rights under the FDCPA. Defendant's Collection Letter falsely, deceptively, and misleadingly stated that disputes could be submitted orally in order to trigger the obligations found in 15 U.S.C. § 1692g(a)(4), g(a)(5), and

g(b). However, only written disputes would trigger such obligations. Defendant's representations to the contrary deprive Plaintiff of substantive information required to be provided under the FDCPA, while similarly posing a risk of harm that Plaintiff and consumers would act in connection with Defendant's false information in a manner that results in such consumers waiving otherwise available and important statutory rights.

### b. Violations of FDCPA § 1692g

32. The FDCPA, pursuant to 15 U.S.C. §1692g, requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains various pieces of information. Pursuant to 15 U.S.C. § 1692g(a)(4), such communication must include "a statement that if the consumer notifies the debt collector **in writing** with the thirty day validation period that the debt . . . is disputed, the debt collector will obtain verification . . . and a copy of such verification will be mailed to the consumer . . . ." (emphasis added). Pursuant to 15 U.S.C. § 1692g(a)(5), such communication must similarly contain "a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." (emphasis added).

33. Further, pursuant to 15 U.S.C. § 1692g(b), "[a]ny collection activities and communication during the 30-day period may not . . . be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

34. Defendant violated 15 U.S.C. §§ 1692g(a)(4), g(a)(5), and g(b) through its representations that disputes under g(a)(4) and g(a)(5) could be submitted verbally. As courts across the country have noted, only written disputes trigger the obligation of debt collectors in g(a)(4)-(5). As such, Defendant's suggestion that such disputes could be accomplished orally fails to comply with the plain language of the FDCPA and is inconsistent with Plaintiff's *true* dispute a validation rights –

an inconsistency that risks consumers acting in favor of Defendant's representations while at the dereliction of their own dispute and validation rights.

**WHEREFORE**, Plaintiff ANGELA BRANDMEYER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2020                                                         Respectfully submitted,

/s/*Alexander J. Taylor*
Alexander J. Taylor, Esq.
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7646 (phone)
(630) 575-8188 (fax)
ataylor@sulaimanlaw.com